# In the United States Court of Federal Claims

No. 23-879C
Filed: July 5, 2023
NOT FOR PUBLICATION

**BASAVARAJ HOOLI,**

       *Plaintiff*,

v.

**UNITED STATES,**

       *Defendant*.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

    The plaintiff, Basavaraj Hooli, proceeding *pro se*, filed this action on June 7, 2023. The complaint was docketed on June 13, 2023. The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims. Dismissal pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").[1]

    Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016)).

---

[1] Concurrent with the complaint, the plaintiff filed an incomplete application for leave to proceed *in forma pauperis* (IFP). The plaintiff was ordered to file a completed IFP application by July 13, 2023. On June 23, 2023, the plaintiff filed a second incomplete IFP application, which was rejected the same day. The plaintiff was again ordered to file a completed IFP application by July 13, 2023. On June 28, 2023, the plaintiff submitted a completed application for leave to proceed IFP. Based on the information contained in that application, the plaintiff is eligible to proceed *in forma pauperis*. Accordingly, the motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of dismissing the complaint.

Even when a plaintiff is proceeding *pro se*, the complaint must satisfy basic pleading requirements. One such requirement is to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a complaint fails to do so, a court "may dismiss *sua sponte* under Rule 12(b)(6)." *Anaheim Gardens*, 444 F.3d at 1315. For example, a court may dismiss a plaintiff's complaint without a motion by the defendant when a claim is based on "frivolous allegations" that are "insufficient to state a plausible claim for relief." *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022) (*per curiam*). "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant. Rather, a court ensures that a *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The plaintiff's complaint is not entirely clear. The plaintiff appears to allege that he was contracted on commission to sell N95 masks and gloves during the COVID-19 pandemic. He appears to allege that he assisted his principal in offering the N95 masks to a third-party, which the plaintiff appears to assert managed to sell the masks to the Department of Defense. The same third-party allegedly also procured protective gloves through the plaintiff. The plaintiff appears to be asserting a claim that he was not paid the commission due on the sale of the masks and gloves to the Department of Defense. Even assuming the allegations to be true, the complaint fails to allege a basis for jurisdiction in the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied

contract *with the United States*, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing *inter alia United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009) (emphasis added)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"); *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, to the extent a complaint seeks damages from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The complaint and its supporting exhibits fail to reveal any contract between the plaintiff and the United States or between the alleged third-party and the United States. The plaintiff appears to claim he was engaged in selling N95 masks and gloves on behalf of a principal to a third-party vendor. The plaintiff alleges no contract or other agreement between himself and the United States. He attaches to his complaint a copy of a letter authorizing him to introduce the company that provided the letter to prospective buyers of the company's wares. The letter fails to reflect any contract between the plaintiff and the United States or between a third-party vendor and the United States. To the extent that the plaintiff may have a claim against the firm that provided the letter or any other entity that agreed to pay him a commission for goods he managed to sell, that claim may belong in state court or district court; it does not belong in the Court of Federal Claims.

Accordingly, even construed liberally, the complaint fails to state a plausible claim for relief within the Court of Federal Claim's jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).[2] The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[2] Under 28 U.S.C. § 1631, the Court must consider whether transfer of the complaint to a federal court that could assert jurisdiction is warranted. Because the complaint fails to delineate clearly the party with whom the plaintiff had a contract, and because the facts alleged in the complaint are, at best, opaque, transfer is not warranted because it is not clear what federal court, if any, could hear the claim.